

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-088-CR

TIMOTHY CARL WYCOFF                                            APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Timothy Carl Wycoff pleaded guilty to possession of less than one gram of methamphetamine. On August 9, 2007, the trial court placed him on two years' deferred adjudication community supervision. The State filed a petition to proceed to adjudication on April 18, 2008, alleging that Wycoff had violated several conditions of his community supervision, including testing

---

[1] *See* Tex. R. App. P. 47.4.

positive for marijuana on several occasions, failure to report to community supervision on three occasions, failure to pay community supervision and crime stoppers fees, failure to pay for drug testing, and failure to attend outpatient treatment. Wycoff pleaded "true" to the allegations. The trial court adjudicated Wycoff guilty and sentenced him to two years' confinement.

Wycoff's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel averred that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court afforded Wycoff the opportunity to file a brief on his own behalf, but he did not do so. The State also chose not to file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991);

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

*see also Mays*, 904 S.W.2d at 922–23.  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record.  We agree with counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 18, 2010

3